Nehrbas, J.
This action was begun on the 27th of August, 1886, and issue joined on September 8th. On the latter date an order of arrest against the defendant was issued, the plaintiff having furnished the usual undertaking. A motion was subsequently made and argued to compel the plaintiff to file security for costs, and an order was duly entered therein, October 14th, 1886, requiring a deposit of $250, or'the filing of an undertaking for that amount, the sureties thereon to justify five days after service of notice of the filing thereof. On October 14th, the plaintiff filed an undertaking in accordance with this order.
A motion by the plaintiff to resettle this order was denied by the Chief Justice on Nov. 5th. A new undertaking was filed Nov. 22d, the sureties on the previous undertaking having failed to appear and the default having been opened. The justification of the new sureties was adjourned from time to time, but none of the sureties ever justified. On December 20th, the plaintiff, by order to show cause, moved for leave to continue the action as a poor person; and although all the foregoing facts were stated in opposition to the motion, it was nevertheless granted. A reargument was asked for and allowed, but the previous decision was upheld. From the order entered granting plaintiff’s motion after the reargument, the defendant appeals.
That an infant may sue in forma pauperis, thus relieving his guardian from the payment of costs has been settled by the case of Erickson v. Poey, 5 Civ. Pro., 379. But when an infant, plaintiff has by order been required to give security for costs *914 after having been heard upon the motion in that behalf, it is then too late to ask for leave to prosecute as a poor person. The defendant, it seems to us, has thus gained a vested statutory right, of which he cannot be deprived directly or indirectly. Had the plaintiff moved before the coming on of the defendant’s motion for security, the court would very properly have absolved the plaintiff from further costs or liability therefor. But when the defendant’s right to security has become complete, it must be given him, or a perpetual stay will be granted against him as a consequence of his failure to comply. There is no escape from this position, and no court has ever held otherwise.
There is another reason why the order appealed from must be vacated. The defendant has been arrested and held in $1000 bail for his appearance. The order made, if valid, relieves the guardian from the costs of an action in which he has imprisoned the defendant. This, the law surely never intended. A poor person cannot avail himself of a provisional remedy and avoid liability and evade the payment of costs by simply pleading poverty. He may sue and prosecute an action in the ordinary way free of expense, without incurring liability for costs; but when he causes the arrest of the defendant in the action, or fails to apply for his privilege until after he has opposed a motion for security for costs, and is ordered to give such security, he must pay the costs of the action if defeated. Any other construction of the statute would, it seems to us, put a premium upon litigation by paupers, and grant them immunities never contemplated by the legislature.
The order appealed from will therefore be reversed with $10 costs and disbursements, and the motion denied with $10 costs.
McAdam, C. J., concurs.